# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

Case No. 24-12513

_____

JULIA ROBINSON and KENDALL J. HALL,

Appellants,

v.

THE UNITED STATES OF AMERICA, *et al.*,

Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

## JOINT MOTION FOR SUMMARY AFFIRMANCE BY APPELLEES AMGEN INC., APPLE INC., AT&T INC., BLACKROCK, INC., MARIANA DANET,  ENTERPRISE HOLDINGS INC., FLORIDA ATLANTIC UNIVERSITY, BRITTANY MASON, MEMORIAL HEALTHCARE SYSTEM, & T-MOBILE USA, INC.

Fredric J. Bold, Jr.
E. Allen Page
BONDURANT, MIXSON & ELMORE, LLP
1201 W Peachtree St NW
Suite 3900
Atlanta, GA 30309

*Attorneys for Appellee Apple Inc.*

*[Additional counsel on signature page]*

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Circuit Rule 26.1, Joint Appellees, by and through their respective counsel, file this Certificate of Interested Persons and Corporate Disclosure Statement. The following persons and/or parties have an interest in the outcome of this case:

- Amgen Inc. (**AMGN**) – Defendant/Appellee

- Apple Inc. (**AAPL**) – Defendant/Appellee

- AT&T Inc. (**T**) – Defendant/Appellee

- Audi Inc. – Defendant/Appellee

- Austin, Lloyd – Defendant/Appellee

- Baker Hostetler LLP – Counsel for Defendant/Appellee Enterprise Holdings, Inc.

- Barnes & Thornburg LLP – Counsel for Defendant /Appellee Memorial Healthcare System

- Baxter, Jeffery R. – Counsel for Defendant /Appellee Enterprise Holdings, Inc.

- Becerra, Xavier – Defendant/Appellee

- Berney, Christopher P. – Counsel for Yoel A. Hernandez, MD

- Bertagnolli, Monica – Defendant/Appellee

- BlackRock, Inc. (**BLK**) – Defendant/Appellee

- Bold, Fredric J. – Counsel for Defendant/Appellee Apple Inc.

- Bondurant Mixson & Elmore, LLP – Counsel for Defendant/Appellee Apple Inc.

- Burns, William J. – Defendant/Appellee

- Buttigieg, Pete – Defendant/Appellee

- Califf, Dr. Robert – Defendant/Appellee

- Chalmers, Roger A. – Counsel for Florida Atlantic University's Counsel

- Christopher Berney, P.C. – Counsel for Yoel A. Hernandez, MD

- Cohen, Honorable Mark H. – U.S. District Court Judge

- Cotton, Jennifer L. – Counsel for Defendant/Appellee AT&T Inc.

- Danet, MD Mariana – Defendant/Appellee

- Deutsche Telekom AG (**DTEGY**) – Non-Party parent company of T- Mobile Global Zwischenholding GmbH

- Deutsche Telekom Holding B.V. ("DT B.V.") – Non-party owner of more than 10% of the shares of T-Mobile US, Inc.

- Does, Jane – Defendant/Appellee

- Does, John – Defendant/Appellee

- Enterprise Holdings Inc. – Defendant/Appellee[1]

- Florida Atlantic University (FAU) – Defendant/Appellee

- Florida Office of the Attorney General – Counsel for Defendant/Appellee Florida Atlantic University

- Gal, Raanon – Counsel for Defendant/Appellee Memorial Healthcare System

---

[1] Enterprise Rent-A-Car Inc. is not an existing entity.

- Garland, Merrick – Defendant/Appellee

- Hall, Kendall J. – Plaintiff/Appellant

- Hernandez-Rodriguez, MD Yoel A. – Defendant/Appellee

- Hoffman, Amy Michelle – Counsel for Defendant/Appellee MD Mariana Danet

- Jett, John P. – Counsel for Defendant/Appellee AT&T Inc.

- Kilpatrick Townsend & Stockton LLP – Counsel for Defendant/Appellee AT&T Inc.

- King & Spalding LLP – Counsel for Defendant/Appellee BlackRock, Inc.

- Kirbo, John Hall – Counsel for Defendant/Appellee Mason-Hirner

- Knoop, Matthew S. – Counsel for Defendant/Appellee T-Mobile USA, Inc.

- Lavender Hoffman Emery, LLC – Counsel for Defendant/Appellee MD Mariana Danet

- Mason-Hirner, Dr. Brittney – Defendant/Appellee

- Mayorkas, Alejandro – Defendant/Appellee

- Memorial Hospital – Defendant/Appellee

- Miller & Martin, PLLC – Counsel for Defendant/Appellee Amgen Inc.

- Mojio Inc. Bulgaria – Defendant/Appellee

- Mojio Inc. Canada – Defendant/Appellee

- Mojio Inc. United States – Defendant/Appellee

- Nakasone, General Paul M. – Defendant/Appellee

- Page, E. Allen – Counsel for Defendant/Appellee Apple Inc.

- Polsinelli PC – Counsel for Defendant/Appellee T-Mobile USA, Inc.

- Rainer, Frank P. – Counsel for Memorial Healthcare System

- Robinson, Julia M. – Plaintiff/Appellant

- Rosenbloom, Leigh – Counsel for Defendant/Appellee Mason-Hirner

- Rumfelt, Eileen Elizabeth H. – Counsel for Defendant/Appellee Amgen Inc.

- Spalding, Charles, Jr. – Counsel for Defendant/Appellee Blackrock, Inc.

- Starr, Peter – Counsel for Defendant/Appellee BlackRock, Inc.

- Strauss Scott R. – Counsel for Memorial Healthcare System

- Sutter, Christopher – Counsel for Defendant/Appellee Florida Atlantic University

- The United States of America – Defendant/Appellee

- T-Mobile Global Holding GmbH ("Holding") – Non-party parent company of DT B.V.

- T-Mobile Global Zwischenholding GmbH ("Global") – Non- party parent company of Holding

- T-Mobile USA, Inc. (**TMUS**) – Defendant/Appellee

- Wray, Christopher A. – Defendant/Appellee

To their knowledge, the Joint Appellees hereby certify that there are no additional publicly traded companies or corporations known to have an interest in the outcome of this case or appeal.

Respectfully submitted
*/s/ Fredric J. Bold, Jr.*
Fredric J. Bold, Jr.

## JOINT APPELLEES' MOTION FOR SUMMARY AFFIRMANCE

Pursuant to Federal Rule of Appellate Procedure 27 and 11th Circuit Rule 31-1(c), Defendants/Appellees Amgen Inc., Apple Inc., AT&T Inc., Blackrock, Inc., Mariana Danet,  Enterprise Holdings Inc., Florida Atlantic University, Brittany Mason,  Memorial Healthcare System, & T-Mobile USA, INC. ("Joint Appellees") respectfully submit this Motion for Summary Affirmance ("Motion") to resolve the appeal brought by pro se Plaintiffs/Appellants Julia Robinson and Kendall Hall ("Appellants").[2] The District Court correctly dismissed the incoherent 148-page, single-spaced Complaint that Appellants filed, and the subsequent 454- and 605-page single-spaced Amended Complaints, as improper shotgun pleadings.  The District Court also correctly denied two motions for temporary restraining orders.

Summary affirmance is appropriate because the District Court was clearly correct, there is no substantial question for this Court to decide, and the most efficient and equitable result for the parties and the Court is a summary resolution without the need for full briefing and oral argument.

Under 11th Circuit Rule 31-1(c), Appellees' deadline to file their responsive briefs is stayed until the Court has ruled on this Motion for Summary Affirmance.

The Court should grant the Joint Appellees' Motion and resolve this case.

---

[2] Under Federal Rule of Appellate Procedure 28(i), "any number of appellants or appellees may join in a brief."

## BACKGROUND

I.    **The District Court Issued Careful and Correct Orders Dismissing Serial Pro Se Plaintiffs/Appellants' Complaint, Amended Complaints, and Motions for TROs.**

A.    The Original Complaint

On January 10, 2024, Appellants filed a six-page form with a 142-page, single spaced attachment styled as a Complaint for Violation of Civil Rights. Dkt. 3. They sued thirty defendants including, among others, Apple, BlackRock, The United States of America, Secretary of Transportation Pete Buttigieg, and Mojio, Inc. of Bulgaria. *Id.* at 7–10. Appellants sought $500 million in alleged damages. *Id.* at 5.

B.    The District Court's Dismissal Without Prejudice

On May 28, 2024, the District Court dismissed the initial Complaint as a shotgun pleading. Dkt. 80 at 18-24. The Court noted that the Complaint failed to separately list any cause of action or claim for relief. *Id.* at 22. The Court recognized that the Complaint included an unexplained laundry list of statutes and causes of action that mirrored those listed in Appellants' previously dismissed lawsuits. *See id.* at 4-5. And the Court correctly concluded that the Complaint lacked any clear factual basis, noting its "disjointed factual allegations coupled with myriad cut-and-pasted legal citations that make little sense." *Id.* at 5, 21. Nonetheless, recognizing Appellants' pro se status, the Court dismissed the Complaint without prejudice and provided 21 days to file an amended complaint with specific substantive

requirements. *Id.* at 24. The Court warned that failure to do so "**[WOULD] RESULT IN DISMISSAL OF PLAINTIFF'S COMPLAINT**." *Id.* at 24–25 (emphasis original).

      C.    <u>The Amended Complaints and Motions for TRO That Did Not Cure the Identified Errors</u>

Appellants then filed two untimely Amended Complaints on June 21, 2024. *See* Dkts. 82, 84. One was 454 pages and the other 605 pages long. *See generally id.* But those Amended Complaints did not correct the issues identified in the original dismissal Order. In fact, in the Second Amended Complaint, Appellants added a number of ill-defined defendants, including "All Research Companies and Studies in the Entire World" and "All Churches and Organizations in the Entire World," among others. Dkt. 84 at 6.

On the same day, Appellants filed two motions for temporary restraining orders, entitled "Notice of Submission of Documents/Exhibits / Evidence for This Entire Case and for TRO/Temporary Retraining [sic] Order/ Protection Order/ Preliminary Injunction/ and Notice of Hearing" [Dkt. 81] and "Verified Emergency Motion/Verified Emergency Filing/ Verified TRO Temporary Retraining[sic] Order/Verified Retraining[sic] Order/Verified Stay Away Order /Verified Preliminary Injunction/Verified Permanent Retraining Order /Injunction" [Dkt. 83].

D.    <u>The District Court's Dismissal With Prejudice</u>

On July 8, 2024, the District Court issued an Order denying the TROs and dismissing the Amended Complaints with prejudice. *See* Dkt. 85.

As the District Court summarized,

> Apart from being much longer, the two Amended Complaints are substantively the same as the original Complaint, consisting of the same cut-and-pasted repetitious passages. . . . [They] present no meaningful difference in terms of the analysis of whether they comply with this Court's May 28 Order. . . .

Dkt. 85 at 11 n.3.    Those Amended Complaints, the District Court concluded, consisted of "fanciful, disjointed, conclusory, and largely incomprehensible allegations that appear to be related to the same conspiracy to harm Plaintiffs and their family that is the subject of her previous lawsuits." *Id.* at 12.    Last, the Amended Complaints "[did] not attempt to address the flaws noted in the May 28 Order and, instead, repeat them verbatim." *Id.*    It was therefore "impossible for the Court or Defendants to discern what they are being charged with." *Id.*

Accordingly, the District Court granted Defendants' Motions to Dismiss with prejudice because the Amended Complaints were shotgun pleadings that violated Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure and because the Plaintiffs failed to comply with the Court's May 28 Order. *Id.* at 13–18.    It dismissed the case as to *all* Defendants for the same reasons. *Id.* at 14–15.

As for the TRO motions, the Court found that they "fail[ed] to identify any legal cause of action" and they "fail[ed] to demonstrate any of the four prerequisites to obtaining a TRO." *Id.* at 4–5; *see also id.* 6–7 (same rationale for the additional TRO motion). "Nor ha[d] Plaintiffs explained what injunctive relief they are seeking . . . ." *Id.* at 5; *id* at 7 (same rationale for the additional TRO motion).

## II.    This Case Was Filed By Serial Pro Se Plaintiffs.

Notably, this case was initiated by serial *pro se* plaintiffs with a history of dismissals. This action is substantially similar to three other lawsuits that Appellants, or Appellant Robinson individually, filed in 2022 and 2023. The courts have dismissed all those lawsuits. *See Robinson v. Choice Hotels Int'l Serv. Corp.*, No. 1:22-CV-3080-MHC, 2023 WL 3627861 (N.D. Ga. Apr. 13, 2023), *aff'd sub nom.*, *Robinson v. City of Hollywood Police Dep't*, No. 23-11733, 2024 WL 983926 (11th Cir. Mar. 7, 2024); *Robinson v. United States*, No. 1:23-CV-43-MHC (N.D. Ga. Jan. 4, 2023), *aff'd* No. 23-12488 (11th Cir. Aug. 30, 2024); *Robinson v. United States*, No. 1:23-CV-1161-MHC, 2023 WL 8351618, at *2 (N.D. Ga. Sept. 7, 2023).

## PROCEDURAL HISTORY

On August 2, 2024, Appellants filed a Notice of Appeal, stating the "reason for filing this appeal is because this court is gaslighting The Plaintiff over and over saying that she didn[']t do things to properly move her lawsuit forward when she did." Dkt. 87.

On September 11, 2024, the Appellants filed their opening appellate brief. ECF No. 36.  The brief is composed of 46 mostly single-spaced pages that, like the Complaint and Amended Complaint, are fanciful, disjointed, conclusory, and largely incomprehensible.  Included within the brief are 16 photocopied pages of the District Court's original dismissal Order.  *See id.* at 25–40.  The only issue Appellants appear to raise is this:

> The district court abused its discretion by overlooking the law, not applying the law, and not correcting errors that was pointed out in several pleadings with exhibits turned in and written by The Appellant.

*Id.* at 20.

Joint Appellees file this Motion on October 10, which is before Appellees' Response Brief deadline of October 11.

## **ARGUMENT**

"On its own or a party's motion, a court of appeals may—to expedite its decision or for other good cause—suspend any provision of these rules in a particular case and order proceedings as it directs . . . ."  Fed. R. App. P. 2(a).

The Court should grant this Motion because there is no substantial question about the outcome of this appeal.  Therefore, granting this Motion will not deprive Appellants of any of the attention and deliberation that their claims would receive on appeal with full briefing and will also serve to conserve the Court's judicial resources.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162–63 (5th Cir.

6

1969) ("[T]he appellate court is not compelled to sacrifice either the rights of other waiting suitors, its own irreplaceable judge-time or administrative efficiency. . . . The fact that we term this a 'summary' [disposition] does not imply that the legal question presented was not thoroughly considered on its merits.").

This Court should summarily affirm the District Court's judgment dismissing this case filed by the Appellants, who are serial pro se plaintiffs, because the District Court did not err in concluding that the Amended Complaints failed to satisfy Rule 8, were impermissible shotgun pleadings, and failed to correct the deficiencies that the District Court ordered the Plaintiffs to address.

## I.    This Appeal Is Appropriate for Summary Affirmance.

Summary disposition is appropriate when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous." *Groendyke Transp.*, 406 F.2d at 1162.[3]  Summary affirmance is likewise warranted where the District Court's order demonstrates that the case's merits (or lack thereof) are "so clear" that there is no need on appeal for "plenary briefing, oral argument, and the traditional collegiality of the decisional process" to summarily affirm the trial court.  *Sills v. Bureau of Prisons*, 761 F.2d 792, 793 (D.C. Cir. 1985).  "Summary affirmance may

---

[3] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

also be in order when the arguments in the opening brief are incomprehensible or completely insubstantial." *United States v. Fortner*, 455 F.3d 752, 754 (7th Cir. 2006); *see also, e.g.*, *United States v. Monsalve*, 388 F.3d 71, 73 (2d Cir. 2004) (per curiam). In other words, although this appeal is frivolous, the appeal does not need to be frivolous for this Court to have the power to summarily affirm.[4]

Here, the District Court issued multiple careful, reasoned, and lengthy Orders dismissing the Complaint, dismissing the Amended Complaints, and denying the two motions for temporary restraining orders. Those Orders were not erroneous. And Appellants' opening brief does not raise any argument to contradict that "the position of [Appellee] is clearly right as a matter of law," "the appeal is frivolous," "[and] there can be no substantial question as to the outcome of the case[.]" *Davis*, 406 F.2d at 1162. Accordingly, this Court should grant this Motion.

## II. The District Court Did Not Err in Concluding That the Complaint and Amended Complaints Violated Rules 8(a)(2) and 10(b).

Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must "give the defendant fair notice of what the . . . claim is and the ground upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). As such, "shotgun pleadings" are prohibited.

---

[4] An action is frivolous if it is without arguable merit in either law or fact. *See Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002), *overruled on other grounds by Hoever v. Marks*, 993 F.3d 1353 (11th Cir. 2021) (en banc).

*McMahon v. Cleveland Clinic Found. Police Dep't,* 455 F. App'x 874, 877 (11th Cir. 2011). A complaint that "fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.* 261 F. App'x 274, 277 (11th Cir. 2008). Often, "shotgun pleadings" are "confusing, incoherent, and clogged with seemingly irrelevant…allegations," and are therefore appropriate for dismissal. *Id.*

In addition, Rule 10(b) requires that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). In addition, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." *Id.*

Here, for the many reasons discussed in the Court's Orders, *see supra* at 4–5, the District Court did not err in dismissing the Complaint and Amended Complaints on these grounds. Nor did the District Court abuse its discretion in dismissing the Amended Complaints with prejudice given that the Plaintiffs failed to follow its directives about how they had to correct the form and substance of their pleading. *See Goodison v. Washington Mut. Bank*, 232 F. App'x 922, 922-23 (11th Cir. 2007) (citing FED. R. CIV. P. 41(b)) ("A district court has discretion to dismiss an action sua sponte for failure to prosecute or failure to obey a court order.").

### III.    The District Court Did Not Err in Denying the Motions for TROs.

"A district court may issue a preliminary injunction where the moving party demonstrates (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003).

Here, for the many reasons discussed in the Court's Orders, *see supra* at 4–5, including Appellants' failure to identify any legal cause of action or satisfy any of the above elements required for injunctive relief, the District Court did not err in denying the motions for temporary restraining orders.

### IV.    This Court Can Also Summarily Affirm the District Court's Orders as Correct for Any Reason.

Beyond the reasons in the District Court's Orders, which included additional reasons supporting dismissal not detailed in this Motion, this Court can summarily affirm the Orders as correct for any reason. *See, e.g.*, *Langston v. Lookout Mtn. Cmty. Servs.* 775 F. App'x 991, 1001 n. 13 (11th Cir. 2019) ("Under our right-for-any-reason rule, we may affirm based on any ground supported by the record."). For example, the Court could affirm the dismissal for lack of jurisdiction. *See Thomas L. Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("[A] district court may, at any

10

time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion").

## <u>CONCLUSION</u>

The Joint Appellees respectfully request that the Court summarily affirm the decision of the District Court and dismiss Appellants' appeal.

*[Signatures appear on the following page.]*

/s/ Eileen H. Rumfelt
Eileen H. Rumfelt
MILLER & MARTIN PLLC
1180 West Peachtree Street NW
Suite 2100
Atlanta, Georgia 30309
(404) 962-6100
eileen.rumfelt@millermartin.com

*Attorney for Amgen, Inc.*

/s/ Fredric J. Bold Jr.
Fredric J. Bold, Jr.
E. Allen Page
BONDURANT, MIXSON, &
ELMORE, LLP
1201 W Peachtree St NW
Ste 3900
Atlanta, GA 30309

*Attorneys for Apple Inc.*

/s/ Jennifer L. Cotton
John P. Jett
Jennifer L. Cotton
Georgia Bar No. 520708
KILPATRICK TOWNSEND &
STOCKTON LLP
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309
(404) 815-6500
jjett@kilpatricktownsend.com
jcotton@kilpatricktownsend.com

*Attorneys for AT&T Inc.*

/s/ Peter Starr
Peter Starr
KING & SPALDING LLP
1180 Peachtree Street, N.E.,
Suite 1600
Atlanta, Georgia 30309
Tel: 404-572-4600
pstarr@kslaw.com

*Attorney for Appellee BlackRock, Inc.*

/s/ Amy M. Hoffman
Thomas E. Lavender III
Amy M. Hoffman
LAVENDER, HOFFMAN,
EMERY, LLC
750 Hammond Drive
Building 2, Suite 200
Atlanta, Georgia 3328
(404) 400-4500
tlavender@lhefirm.com
ahoffman@lhefirm.com

*Attorneys for Mariana Danet, M.D*

/s/ Jeffrey R. Baxter
Jeffrey R. Baxter
BAKER & HOSTETLER LLP
1170 Peachtree Street NE
Suite 2400
Atlanta, GA 30309
Tel: 404-459-0050
jbaxter@bakerlaw.com

*Attorney for Enterprise Holdings, Inc.*

Ashley Brooke Moody
ATTORNEY GENERAL

/s/ Christopher Sutter
CHRISTOPHER SUTTER
Senior Assistant Attorney General
Office of the Attorney General
South Florida Civil Litigation Bureau
110 SE 6th Street
10th Floor
Ft. Lauderdale, Florida 33301
Tel. (954) 712-4600
Christopher.Sutter@myfloridalegal.com

*Attorney for Florida Atlantic University*

/s/ Leigh F. Rosenbloom
Leigh F. Rosenbloom
1200 Riverplace Blvd.
Suite 800
Jacksonville, Florida 32207
Telephone: (904) 398-0900
Email:  lrosenbloom@marksgray.com

*Attorney for Brittney Mason, M.D.*

/s/ Raanon Gal
Raanon Gal
BARNES & THORNBURG LLP
3340 Peachtree Road N.E.
Suite 2900
Atlanta, Georgia 30326
Tel. (404) 264-4066
Rgal@btlaw.com

*Attorney for Memorial Healthcare System*

/s/ Matthew S. Knoop
Matthew S. Knoop
POLSINELLI PC
1201 West Peachtree Street NW
Suite 1100
Atlanta, Georgia 30309
Tel: 404-253-6000
mknoop@polsinelli.com

*Attorney for T-Mobile USA, Inc.*

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS, TYPEFACE REQUIREMENTS AND TYPE-STYLE REQUIREMENTS</u>

1.  This response complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this response contains 2442 words.

2.  This response complies with the typeface requirements of Fed. R. Civ. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2016 in 14 point Times New Roman.

<u>*/s/ Fredric J. Bold, Jr.*</u>
Fredric J. Bold, Jr.

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify a true and correct copy of the foregoing was filed electronically on October 10, 2024. I have also on this day caused a copy of the pleading to be placed in first class United States Mail, postage prepaid, addressed to the following non-CM/ECF participants:

> Julia M. Robinson & Kendall Hall
> 2451 Cumberland Pkwy SE
> Suite 3320
> Atlanta, GA 30339

> */s/ Fredric J. Bold, Jr.*
> Fredric J. Bold, Jr.