[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12513

Non-Argument Calendar

_____

JULIA MAE ROBINSON,
KENDALL J. HALL,

                                               Plaintiffs-Appellants,

*versus*

THE UNITED STATES OF AMERICA,
in the country's Official Capacity,
DIRECTOR, CENTRAL INTELLIGENCE AGENCY,
DIRECTOR, NATIONAL INSTITUTE OF HEALTH,
SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES,
SECRETARY, U.S. DEPARTMENT OF TRANSPORTATION, et al.,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-05655-MHC

———————————

Before WILSON, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Julia Robinson, proceeding *pro se*, appeals the district court's dismissal of her first and second amended complaint with prejudice as a shotgun pleading and for failure to comply with the court's orders. On appeal, she argues that the district court misapplied the law in dismissing her complaint. Several appellees jointly move for summary affirmance of the district court's order, arguing that the instant appeal is frivolous.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161-62 (5th Cir. 1969). An appeal is frivolous when the party is not entitled to relief because there is no basis in fact or law to support

their position. *See Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) ("A claim is frivolous if it is without arguable merit either in law or fact.").

We review a district court's order dismissing an action for failure to comply with the rules of the court or under Federal Rule of Civil Procedure 41(b) for abuse of discretion. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (stating the standard of review for a dismissal for failure to comply); *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) (stating the standard of review for dismissal under Rule 41(b)). We "review a dismissal on Rule 8 shotgun pleading grounds for an abuse of discretion." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018). A complaint must contain a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Further, claims should be stated in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10(b). Rule 10(b) also mandates that each claim founded on a separate transaction or occurrence be stated in a separate count if doing so would promote clarity. *Id.*

We construe a *pro se* litigant's pleadings liberally. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). However, that "leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation marks omitted).

However, *pro se* litigants are not relieved from following procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Issues not briefed on appeal by a *pro se* litigant are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). An appellant abandons a claim where she presents it only in "passing references" or "in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). "[S]imply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal." *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009).

We may affirm the district court's judgment on any ground that finds support in the record. *See McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).

District courts have an inherent power to control their docket. *Vibe*, 878 F.3d at 1295. This includes dismissing a complaint on shotgun pleading grounds. *Id.* These complaints "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quotation marks and brackets omitted). There are four main types of shotgun complaints: (1) a complaint where each count realleges previous allegations so that "the last count [is] a combination of the entire complaint" and includes large amounts of irrelevant information; (2) a complaint which is "replete with conclusory, vague, and immaterial facts"; (3) a complaint which fails to separate each claim for relief into a different

count; and (4) a complaint that alleges multiple claims against multiple defendants in each count, without identifying which defendants are responsible for which claims. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). We have repeatedly condemned the use of shotgun pleadings because those types of complaints do not provide a short and plain statement of the claim as is required under Rule 8. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).

If a court identifies that a complaint is a shotgun complaint, it generally must give the litigant one chance to replead, with instructions on the deficiencies. *Vibe*, 878 F.3d at 1296. The chance to replead may be a dismissal without prejudice and, because "[w]hat matters is function, not form," the instructional requirement can be satisfied by a motion to dismiss that sufficiently explains the defects of the complaint. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018). If the amended complaint does not remedy the defects and the plaintiff does not move to amend, then the court may dismiss the complaint with prejudice. *Vibe*, 878 F.3d at 1296. Thus, if the new complaint is also a shotgun pleading, dismissal with prejudice is justified. *Id.*

Federal Rule of Civil Procedure 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with [the Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). A district court may dismiss a case for failure to comply with court rules "under the authority of either Rule 41(b) or the court's inherent power to

manage its docket." *Weiland*, 792 F.3d at 1321 n.10. A court may also dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order. Fed. R. Civ. P. 41(b); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Dismissal with prejudice under Rule 41(b) "is an extreme sanction that may be properly imposed *only* when: (1) a party engage[d] in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (quotation marks omitted). A court also has the inherent authority to sanction parties for "violations of procedural rules or court orders," up to and including dismissals with prejudice. *Donaldson v. Clark*, 819 F.2d 1551, 1557 n.6 (11th Cir. 1987). Although dismissal with prejudice is a drastic remedy, we have stated that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Here, we summarily affirm as to all defendants because the district court correctly found that Robinson's amended complaint was a shotgun pleading, and Robinson fails to develop on appeal any argument specifically challenging that conclusion. Robinson also fails to challenge the district court's dismissal of her amended complaint for failure to comply with its order. To the extent that Robinson argues that the district court generally erred in dismissing her complaint, Robinson's appeal is frivolous because there is no basis in law or fact to support her position, as her initial and

amended complaints were shotgun pleadings and she failed to comply with the court's instructions on how to remedy the pleading deficiencies in her filings.

The district court is **AFFIRMED**. Robinson's pending motions are **DENIED**.